NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL ENRIQUE BARRIENTOS COLOCHO, | No. 15-73459 |
| Petitioner, | Agency No. A205-310-463 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2022[**]
Seattle, Washington

Before: HAWKINS and BUMATAY, Circuit Judges, and MOSKOWITZ,[***]
District Judge.

Raul Enrique Barrientos Colocho, a native and citizen of El Salvador,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We review the BIA's decision for substantial evidence. *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018). We have jurisdiction under 8 U.S.C. § 1252 and dismiss in part and deny in part the petition.

1. We lack jurisdiction to review Barrientos Colocho's asylum claim because he failed to exhaust his argument before the BIA. "Asylum-seekers have one year from the time of their entry into the United States to file an application for asylum." *Taslimi v. Holder*, 590 F.3d 981, 984 (9th Cir. 2010). The IJ found that Barrientos Colocho's asylum application was untimely because he waited approximately five years after he entered the United States to apply for asylum, and that no exceptions applied. In his appeal to the BIA, Barrientos Colocho did not challenge the IJ's finding that his asylum application was untimely. Therefore, Barrientos Colocho failed to exhaust this claim, and the Court lacks jurisdiction to review it. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

2. Substantial evidence supports the BIA's denial of withholding of removal. Barrientos Colocho argued before the BIA that he was a member of the following social group: "returning El Salvadoran from the United States perceived to pose a

threat of filing criminal allegations for past crimes." Barrientos Colocho testified before the IJ that while he was in El Salvador, he witnessed an individual, who had been shot and wounded by a gang, come into his workplace and he was warned by one of the gang members over the telephone not to tell anyone about the incident. He also testified that while he was in the United States, he had been extorted long distance for $250 to prevent harm to family members still living in El Salvador. Substantial evidence supports the BIA's finding that Barrientos Colocho failed to establish a nexus between the incidents he described and any protected grounds, because he merely expressed fears of generalized criminal activity and harassment rather than persecution. *See Hussain v. Rosen*, 985 F.3d 634, 649 (9th Cir. 2021).

Substantial evidence also supports the adverse credibility finding underlying the denial of Barrientos Colocho's application for withholding of removal. "[O]nly the most extraordinary circumstances will justify overturning an adverse credibility determination." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 749 (9th Cir. 2022) (simplified). The BIA explained that Barrientos Colocho had failed to include the long-distance extortion incident in his written application and that he provided several different reasons as to why it was not included in his written statement. The BIA provided a legitimate basis to question Barrientos Colocho's credibility and offered specific and cogent reasons for the stated disbelief. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) (explaining that "inconsistencies regarding events

3

that form the basis of the asylum claim are sufficient to support an adverse credibility determination") (simplified). For these reasons, the BIA's denial of withholding of removal was supported by substantial evidence.

3. Substantial evidence also supports the BIA's denial of CAT relief because Barrientos Colocho failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See* 8 C.F.R. § 208.16(c)(2). Barrientos Colocho testified before the IJ that none of his family members had ever been physically harmed by gang members in El Salvador. In addition, his testimony did not include any incidents of torture or explanations for why safe relocation away from the gang members was not possible. *See Benedicto v. Garland*, 12 F.4th 1049, 1064 (9th Cir. 2021) (explaining that "generalized evidence of violence and crime in a country that is not particular to the Petitioner is insufficient"). As a result, substantial evidence supports the BIA's denial of CAT relief.

**PETITION DISMISSED IN PART; DENIED IN PART.**